IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW M. LEARNED,

    Plaintiff,                                   No. CIV S-04-1834 WBS  DAD PS

    vs.

MBNA AMERICA BANK, N.A.,

    Defendant.                                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding pro se, initiated this action by filing a notice of motion and motion to vacate arbitration award pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. By order filed November 10, 2004, plaintiff was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. On December 14, 2004, defendant filed a motion to dismiss for lack of subject matter jurisdiction. On March 14, 2005, defendant renewed its motion to dismiss for lack of subject matter jurisdiction and noticed it for hearing on April 14, 2005. Plaintiff filed a response to the order to show cause and also filed an opposition to the motion to dismiss.

        Defendant's motions to dismiss for lack of subject matter jurisdiction came on regularly for hearing on April 14, 2005 before the Honorable John F. Moulds. Plaintiff did not appear. Victor Patenaude appeared telephonically for defendant. Judge Moulds noted on the record that he holds a credit card issued by defendant MBNA America Bank, N.A. and would

1

need to address the possibility of recusal under 28 U.S.C. § 455.  Judge Moulds subsequently recused himself by order filed April 15, 2005, and this action was reassigned to the undersigned.

    A.  Background

Plaintiff seeks to vacate an arbitration award in the amount of $8,713.16 obtained by defendant through the National Arbitration Forum.  It appears plaintiff and defendant entered into a contract  ("credit agreement") granting plaintiff a credit card account.  Plaintiff contends the original credit agreement did not contain any provision requiring arbitration of claims arising out of the contract.  While defendant claims plaintiff agreed to an amendment to the credit agreement requiring arbitration, plaintiff claims he did not receive notice of an amendment and denies that the credit agreement allowed for such an amendment.

Defendant filed a claim against plaintiff in the National Arbitration Forum ("Forum") alleging plaintiff had breached the credit agreement.  Plaintiff objected to arbitration, arguing there was no agreement to arbitrate, and therefore did not participate in the arbitration. Notwithstanding plaintiff's objections and refusal to arbitrate, the Forum entered an award against plaintiff and in favor of defendant in the amount of $8,713.16.  Plaintiff subsequently filed this action and moved to vacate the arbitration award.

    B.  Analysis

Plaintiff's motion alleges jurisdiction under  9 U.S.C. §§ 10 and 12, the Federal Arbitration Act ("FAA").  However, the FAA does not create an independent basis for federal jurisdiction.  <u>Carter v. Health Net of California, Inc.</u>, 374 F.3d 830, 833 (9th Cir. 2004)(citing cases).  Accordingly, "when a petition is brought under the [FAA], a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction."  <u>Carter</u>, 374 F.3d at 833.

Plaintiff asserts federal question jurisdiction[1] exists because (1) the court has the

---

[1] Plaintiff does not assert diversity jurisdiction under 28 U.S.C. § 1332, nor would the $8,713.16 at issue meet that statute's amount-in-controversy requirement.

authority to vacate an arbitration award under the FAA when, as plaintiff alleges, the arbitrator exhibited a manifest disregard of federal law; and (2) defendant's amendment of the credit agreement violated plaintiff's right to due process under the Constitution.[2]

However, while a federal court may vacate an arbitration award on the basis of an arbitrator's manifest disregard for federal law, the court may only do so if it has jurisdiction over the suit on the underlying dispute. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983). This would be the case where, for example, a complaint alleged that an arbitrator manifestly disregarded federal securities laws (Greenberg v. Bear, Stearns & Co., 220 F.3d 22 (2d Cir. 2000)), the Americans with Disabilities Act (Luong v. Circuit City Stores, Inc., 368 F.3d 1109 (9th Cir. 2004)), or the Foreign Sovereign Immunities Act (Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255 (2d Cir. 2003)). In each of these circumstances the claim for manifest disregard of federal law "so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present." Luong, 368 F.3d at 1112.

In contrast, plaintiff's action does not raise an issue of federal law, but rather involves questions of contract interpretation governed by state law -- specifically, whether the credit agreement allowed defendant to modify that agreement to require arbitration of disputes arising thereunder. See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 840 (9th Cir. 2004) (finding breach of contract cause of action "clearly a creature of state law" not giving rise to federal question jurisdiction). The only federal law plaintiff claims the arbitrator violated is the FAA. As noted above, however, the FAA does not provide an independent basis for jurisdiction. See Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1470-71

---

[2] Plaintiff's initial filing does not expressly allege manifest disregard for the law or a due process claim. Although it is well-settled that "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition," Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004), plaintiff seeks leave to file an amended pleading should the court grant defendant's motions to dismiss. Plaintiff's request is moot because, as set out below, this claim would not provide a basis for federal question jurisdiction on the facts of this case.

(11th Cir. 1997) (finding no federal question jurisdiction where plaintiff moved to vacate arbitration award based on arbitrator's manifest disregard of the FAA).

Plaintiff further contends this case presents a federal question by asserting that defendant's amendment of the credit agreement violated his right to due process under the Constitution. However, not only does plaintiff's initial filing not allege a violation of due process, but he could not state such a claim under any circumstances because neither the arbitrator nor defendant is a state actor. Absent state action, plaintiff cannot state a due process claim. See Federal Deposit Ins. Corp. v. Air Florida System, Inc., 822 F.2d 833, 842 n. 9 (9th Cir. 1987) ("[W]e do not find in private arbitration proceedings the state action requisite for a constitutional due process claim.").[3]

C. Conclusion

In accordance with the above, plaintiff has failed to identify any proper basis for federal subject matter jurisdiction over this action. Accordingly, this court will recommend that defendant's motions to dismiss be granted, plaintiff's motion to vacate be denied and this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's December 14, 2004 and March 14, 2005 motions to dismiss be granted;

2. Plaintiff's September 1, 2004 motion to vacate arbitration award be denied; and

3. This action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten

---

[3] Plaintiff may raise his evidentiary concerns in the state court action in which defendant moved to confirm its arbitration award on August 12, 2004. (See Deft.'s March 14, 2005 motion at 4.)

4

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\learned1834.f&r